IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:10-CV-083-RLV-DCK

| | |
|---|---|
| STEPHEN KEITH POSTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER AND MEMORANDUM** |
| ) | **AND RECOMMENDATION** |
| TRACY W. JOHNS, LEE COLLINS, ) | |
| and ALLEN LAWSON, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Reissue" (Document No. 3). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and immediate review is appropriate. Having carefully considered the motion, the record, and the applicable authority, the undersigned will deny the motion and respectfully recommend that Plaintiff's lawsuit be dismissed.

I. BACKGROUND

*Pro se* Plaintiff Stephen Keith Poston ("Plaintiff") filed this action on July 1, 2010. (Document No. 1). Also on July 1, 2010, summons were conventionally issued to Defendants Tracy W. Johns, Lee Collins, and Allen Lawson ("Defendants"). Between July 1, 2010 and January 17, 2012, the docket for this case reflects no service of process, or any other activity. On January 17, 2012, the Clerk of Court entered a "Notice of Lack of Prosecution" to Plaintiff stating that the case docket did not reflect an executed return indicating service of process, and that the proceeding could be dismissed for want of prosecution pursuant to Fed.R.Civ.P. 4(m).

On February 28, 2012, Plaintiff filed the pending "Motion For Reissue" (Document No. 3). Plaintiff's motion requests reissue of the summons, and acknowledges that Plaintiff "sent the

summons certified mail," but never received a receipt confirming service. (Document No. 3).

## II. STANDARD OF REVIEW

Rule 4 of the Federal Rules of Civil Procedure provides in pertinent part:

> **(b) Issuance**. On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and **issue it to the plaintiff for service on the defendant**. A summons--or a copy of a summons that is addressed to multiple defendants--must be issued for each defendant to be served.
>
> **(c) Service**.
> (1) **In General**. A summons must be served with a copy of the complaint. **The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)** and must furnish the necessary copies to the person who makes service.
> . . .
>
> **(m) Time Limit for Service**. If a defendant is not served **within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time**. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed.R.Civ.P. 4(b), (c)(1) and (m).

> Rule 4(e)(1) permits a plaintiff to serve individual defendants "pursuant to the law of the state in which the district court is located." Fed.R.Civ.P. 4(e)(1). The North Carolina Rules of Civil Procedure permit service "[b]y mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the party to be served, and delivering to the addressee." N.C. Gen.Stat. § 1 A–1, Rule 4(j)(1)(c).

Street v. Powell, 2012 WL 555744 at *1 (E.D.N.C. Feb. 21, 2012).

## III. DISCUSSION

Plaintiff's "Motion For Reissue" does not offer any explanation, much less "show good

2

cause for the failure" to execute service within the 120 days allowed by Rule 4(m). (Document No. 3). Moreover, Plaintiff offers no explanation for failing to prosecute this lawsuit for over nineteen (19) months, and offers no explanation for why a summons reissue is likely to be effective now.

Based on the foregoing and pursuant to Rule 4(m), it appears to the undersigned that the action against Defendants must be dismissed without prejudice.

## IV. ORDER AND RECOMMENDATION

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion For Reissue" (Document No. 3) is **DENIED**.

**IT IS RECOMMENDED** that this action be **DISMISSED WITHOUT PREJUDICE**, pursuant to Fed.R.Civ.P. 4(m).

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk is directed to send a copy of this Order and Memorandum and Recommendation to the *pro se* Plaintiff by certified U.S. Mail.

**IT IS SO ORDERED AND RECOMMENDED**.

Signed: March 6, 2012

David C. Keesler
United States Magistrate Judge